■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACQUES DE FAZIO, Also Known as JACQUES ELFASSY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings

County, dated October 13, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered April 4, 1955, on his plea of guilty, convicting him of manslaughter in the first degree, and sentencing him to serve a term of 10 to 20 years, plus an additional term of 5 to 10 years under section 1944 of the Penal Law, for being armed. Order affirmed. Defendant was indicted for murder in the second degree while armed with a knife. At his trial, prior to summation he withdrew his plea of not guilty and entered a plea of guilty to manslaughter in the first degree. At a hearing held by the trial court on the day defendant pleaded guilty, and prior to entering his plea, he admitted he had been armed with a dangerous weapon when he committed the homicide, and the court advised him that he could be sentenced to an additional term of 5 to 10 years. Thereafter, defendant was sentenced to a term of 10 to 20 years, plus a 5 to 10-year additional term under section 1944 of the Penal Law, for being armed. Defendant contends that the trial court had no authority to conduct an inquiry to determine whether he was armed during the commission of the crime, since his plea of guilty of manslaughter in the first degree did not include an admission of being armed. Defendant's reliance on *People* v. *Griffin* (7 N Y 2d 511) is not well founded. There the judgment imposing the additional sentence under section 1944 was reversed on the ground that the defendant was misled respecting sentence in pleading guilty to a lesser offense than that charged in the indictment and was induced to plead guilty on the false assumption that the additional punishment would not be applied. Here, after admitting that he was armed and prior to entering his plea of guilty, the defendant was fully advised by the trial court that it could impose the additional sentence of 5 to 10 years for being armed. He admitted that no promise was made to him as to what the punishment would be. With respect to defendant's claim that the sentence of 10 to 20 years imposed for manslaughter (Penal Law, § 1051) was excessive because of his previous good character, the remedy of *coram nobis* does not lie (*People* v. *Sullivan*, 3 N Y 2d 196). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.